IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>vs.<br><br>Elise Wiley,<br>              Defendant. | Criminal No. 3:17-cr-752-CMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Defendant's motion for relief under 28 U.S.C. § 2255. ECF No. 53. Defendant argues her counsel was ineffective for several reasons: (1) "erroneous advise [sic] to induce acceptance of plea agreement and/or Information"; (2) acting as a "mere spectator" and failing to object to constitutional violations at sentencing; (3) failing to call witnesses at sentencing; and (4) failing to assist with a Rule 35 motion for substantial assistance. *Id.* The court directed Defendant to notify the court of her election regarding waiver of attorney/client privilege. ECF No. 57. Defendant elected to waive the privilege, limited to the § 2255 motion proceedings. ECF No. 59. The Government filed a response in opposition, including an affidavit from Defendant's counsel, and motion for summary judgment. ECF Nos. 66, 67. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if she failed to respond. ECF No. 68. Defendant filed her response. ECF No. 70. This matter is ripe for resolution.

**BACKGROUND**

On August 8, 2017, Defendant was indicted on two counts: 1) using the internet and a telephone to attempt to persuade, induce, and entice two minors to engage in prostitution, in violation of 18 U.S.C. § 2422(b); and 2) making a materially false statement by giving a false name to Special Agents of the FBI, in violation of 18 U.S.C. § 1001. ECF No. 18.

Defendant entered into a written plea agreement to plead guilty to an Information charging enticement of a person to travel in interstate commerce for prostitution, a violation of 18 U.S.C. § 2422. ECF No. 33. Included in her Plea Agreement were cooperation language, a stipulation by both parties that the appropriate disposition of the case was a sentence of 120 months, and appellate and § 2255 waivers. *Id.* at ¶¶ 5-7, 8, 11. She waived Indictment and entered a guilty plea on November 16, 2017. ECF No. 39. The Presentence Report ("PSR") determined her total offense level to be 12, criminal history category I, with a guideline range of 10-16 months, but noted the stipulation in the Plea Agreement to 120 months actual incarceration. ECF No. 51 at ¶ 113. The guideline range for supervised release was five years to Life. *Id.* at ¶ 119. Defendant did not raise objections to the PSR.

Prior to sentencing, the Government filed a motion to depart from the guidelines. ECF No. 46. The Government requested the court depart upward to 120 months to "reflect the nature of the Defendant's criminal conduct (in accordance with the parties' stipulation)," then downward to reflect her substantial assistance (no amount was suggested by the Government regarding the downward departure). *Id.* at 1. At sentencing on February 22, 2018, the court granted the upward and downward departures, and sentenced Defendant to 84 months' imprisonment and a Lifetime term of supervised release. ECF No. 48. Defendant did not appeal her conviction or sentence.

**STANDARD**

The standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that her counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the Strickland test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *see also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

Under the second prong of the *Strickland* test, Defendant must establish that she experienced prejudice as a result of counsel's ineffectiveness, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (internal quotation marks and citation omitted). A defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. Because "[t]he defendant bears the burden of proving *Strickland* prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

Counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. However, *Strickland* does not require counsel to investigate every conceivable line of mitigating evidence, and "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 690-91; *see also Buckner v. Polk*, 453 F.3d 195, 201 (4th Cir. 2006) (explaining counsel's conduct is generally presumed to be a reasonable strategic choice). The Fourth Circuit has held that "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence . . . would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).

## DISCUSSION

Defendant's initial motion alleges her counsel was ineffective in four ways, by failing to: (1) properly advise her regarding the impact of her plea agreement and Information; (2) raise objections at sentencing; (3) call witnesses on her behalf at sentencing; and (4) assist with a Rule 35(b) motion. ECF No. 53. She also argues counsel failed to appeal the resolution of her case. *Id.* at 4.

The Government argues counsel was not ineffective as he negotiated a deal for his client that resulted in a sentence "well below what she would have received if convicted for violations of the substantive crime(s) of human trafficking . . . or enticement of a minor to commit prostitution," as those statutes require a mandatory minimum sentence of 120 months. ECF No.

66 at 5.  The Government contends the deal procured for Defendant limited her "overall potential liability of a potential life sentence," and "was the mandatory minimum of the substantive offense [charged in the Indictment] and drastically below a guideline calculation of the recruiting and prostituting of children – which are the crimes that the defendant committed and counsel was negotiating to avoid."  *Id.* at 6.  The Government also argues Defendant's claims are belied by her sworn statements at sentencing that she understood the plea agreement and sentencing exposure, and agreed to the imposition of a 120-month sentence as stipulated in her Plea Agreement.  *Id.* at 7-8.  The Government notes Defendant received a sentence reduction pursuant to § 5K1.  *Id.* at 9.  Finally, it maintains her claim of counsel failing to appeal is contradicted by the record.  *Id.*  For these reasons, it argues, Defendant's counsel was not ineffective.

In her reply, Defendant argues her attorney failed to address her desire to appeal in his affidavit, and notes "a defendant represented by counsel has a right to be consulted about a direct appeal and counsel had a responsibility to file the notice of appeal.  When represented by counsel, a defendant does not have a right to act pro se."  ECF No. 70 at 1.  She requests appointment of counsel and an evidentiary hearing.  *Id.* at 2.  In addition, she contends counsel allowing her to plead to the Information was "of little or no benefit to the Petitioner where the plea agreement included a stipulation that the Government could present evidence against Petitioner from their ongoing investigation."  *Id.*  She contends if the Government had been restricted from using relevant conduct, she would have received a lower sentence.  She further argues she was

5

"constructively denied counsel" at sentencing because counsel failed to object to the Government's arguments for an upward departure and failed to argue for a lower sentence. *Id.* at 3. If he had done so, she contends, she would have received a sentence within the guidelines calculated by Probation. *Id.* Finally, she argues her friends and family would have testified at sentencing that she was a victim of sex trafficking, and experts in the sex trafficking field could have testified as well, resulting in a lower sentence. *Id.* at 3-4.

### 1. *Plea Agreement and Information*

Defendant alleges her attorney failed to counsel her appropriately regarding her accepting a plea to an Information, and failed to assist her to understand the consequences of "withdrawing a plea agreement."[1] ECF No. 53 at 4. As a consequence, she contends, she received a higher sentence than the one called for in the PSR. *Id.* In her Reply, she also argues she received little to no benefit from pleading to the Information, as opposed to the Indictment, because the plea agreement included a stipulation that the Government could use evidence learned from their ongoing investigation against her at sentencing. ECF No. 70 at 2-3. She contends she would have received a lower sentence if the Government had been restricted from utilizing additional relevant conduct. *Id.* at 3.

---

[1] The court notes defense counsel represented to the court at the Rule 11 hearing there had been no other plea offers other than the one signed. ECF No. 64 at 12. This agreement was not withdrawn.

As noted by the Government, it is clear based on counsel's and Defendant's statements at sentencing that Defendant received a substantial benefit from counsel's negotiations with the Government regarding Defendant's plea agreement. By pleading to the Information instead of the counts charged in the Indictment, Defendant avoided a mandatory minimum 120-month sentence and the possibility of a guideline sentence in excess of that mandatory minimum. In exchange, the Government and Defendant stipulated to a sentence of 120 months, with an opportunity for reduction based on substantial assistance. Through these negotiations, defense counsel ensured Defendant's *maximum* sentence would be 120 months (provided she did not breach the Plea Agreement), instead of the *minimum* required by statute if she pled to the Indictment. Further, counsel secured an opportunity for further reduction based on substantial assistance, which Defendant was able to take advantage of and receive an 84-month sentence.[2] It is clear Defendant received considerable benefit from her Plea Agreement.

Defendant now argues counsel failed to explain the above to her, and that she and her family expected her to receive the 10-16 month sentence calculated by Probation in the PSR. However, this ignores her statements under oath at the Change of Plea hearing, where she indicated she was satisfied with her attorney's advice and counsel, that the Plea Agreement she signed

---

[2] If Defendant is alleging she has provided ongoing, unrewarded substantial assistance in addition to that taken into account by the 5K1.1 reduction provided at sentencing, she may file a *pro se* motion to compel a Rule 35(b) motion.

7

represented the understandings she reached with the Government concerning her case, and that she understood her Plea Agreement. ECF No. 64 at 9-11. The court fully explained the Plea Agreement, including the stipulation to a 120-month sentence, to Defendant, who confirmed she understood. *Id.* at 14-18.

This was detailed further at sentencing, where Defendant represented she understood the deal made with the Government, that she stipulated to a 120-month sentence, and the reasons for such a stipulation:

> First of all, the government is asking for an upward departure to the agreed level. Basically what they are saying is that there was a stipulation in the plea agreement. That the plea agreement was reached because the other uncharged conduct that could have been charged was so serious that it warranted an agreement to stipulate to a sentence. This was not a binding stipulation on the Court, but it was a binding stipulation on the defendant, and the sentence that was agreed to was 120 months' actual incarceration. So to get to that 120 months, the government is asking for an upward departure. And my question is, haven't you agreed to that?
> MR. DUNCAN: Yes, Your Honor.
> THE COURT: Okay.
> MR. DUNCAN: That's correct. I mean, the -- and just to put our position on the record, Ms. Wiley was actually charged -- the indictment charged her with an offense that had a mandatory minimum sentence of 120 months, so stipulating to that statutory mandatory minimum, I believed at that time and still believe that that was a good arrangement for my client as a starting point, and that is -- that's the basis of the stipulation. And I think Ms. Wiley fully understood that, and if the Court wishes to ask, I think she'll be glad to answer.
> THE COURT: So what you're saying, Mr. Duncan, is that this was a negotiated plea in which your client realized she was facing a potentially much higher sentence than 120 months and wanted to limit her exposure, worst case scenario, to 120 months and then hopefully work down from there via cooperation.
> MR. DUNCAN: That's correct.
> THE COURT: Okay.

> MR. DUNCAN: That is correct.
> THE COURT: Ms. Wiley, have I stated it correctly?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: So it was your understanding when you entered your plea that you wished to limit your exposure to 120 months, and the downside of that is that you were agreeing to a sentence of 120 months before any cooperation was taken into account.
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And you were hoping to get it below that by means of substantial assistance and cooperation.
> THE DEFENDANT: Yes, Your Honor.

ECF No. 65 at 4-6.

In light of Defendant's statements at her Rule 11 hearing and sentencing, "the contrary allegations in [the] § 2255 motion are palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005). The court, and counsel, are entitled to rely on Defendant's sworn statements absent extraordinary circumstances, none of which are present here. *Id.* at 221. Contrary to Defendant's claims, it is clear counsel was effective and Defendant suffered no prejudice – in fact, she derived a benefit from his representation. The Government is entitled to summary judgment on grounds related to the Plea Agreement and they are dismissed with prejudice.

### 2. *Representation at Sentencing*

Defendant next alleges counsel was ineffective in failing to object to the Government's arguments for an upward departure, to argue for a lower sentence, and to call witness on her behalf. Defendant's arguments regarding her sentence – that counsel failed to argue for a lower sentence

9

or object to the upward departure – are belied by her signed Plea Agreement.  Both parties agreed and stipulated to a sentence of 120 months actual incarceration as the appropriate disposition of the case.  ECF No. 33 at ¶ 8.  Further, Defendant acknowledged this stipulation during the Change of Plea hearing, noting she understood the stipulation and that it was not binding on the court.  ECF No. 64 at 16.  At sentencing, defense counsel acknowledged Defendant had *agreed* to a binding stipulation of 120 months, and Defendant admitted this was correct.  ECF No. 65 at 5-6.  Therefore, defense counsel could not object to the stipulated sentence, or argue against the upward departure, without risking running afoul of the Plea Agreement signed by Defendant and counsel.

It is also clear from the Sentencing transcript, contrary to Defendant's current allegations, that defense counsel did argue for a lower sentence.  Specifically, defense counsel argued for a 60-month sentence based on Defendant's substantial assistance, her childhood and past, her age and lack of criminal history, and her conduct.  *Id.* at 19-20.  Counsel noted he and Defendant had discussions regarding a sentence they would request.  *Id.* at 4.  Simply because the court determined a sentence above what Defendant desired was appropriate does not mean her counsel was ineffective.

Finally, Defendant's arguments regarding family members who were not called to testify on her behalf at sentencing is contradicted by the record.  Defendant's motion states "[p]rejudice is apparent because no one spoke on behalf of the Petitioner, including counsel."  ECF No. 70 at 4.  However, the Sentencing transcript shows Defendant's father and maternal grandmother spoke

on her behalf. ECF No. 65 at 12-17. The court noted during sentencing Defendant's family support would be an asset to her when she is released. *Id.* at 21-22. Defense counsel and Defendant also spoke in favor of a lower sentence, as noted above. Defendant provides no evidence she asked her counsel to call sex trafficking experts to testify at her sentencing. Defendant is unable to show she was prejudiced by the decision not to call such experts in mitigation: she has not shown there is a reasonable probability her sentence would be lower.

For the above reasons, summary judgment is appropriate for the Government on the grounds related to sentencing, and these grounds are dismissed with prejudice.

### 3. *Appeal*

Finally, Defendant argues her counsel did not file a notice of appeal or consult with her about the decision to file. ECF No. 70 at 1. She notes counsel did not address the appeal issue in his affidavit, and that although she was advised by the court of her right to file an appeal pro se, "[w]hen represented by counsel, a defendant does not have a right to act pro se." *Id.*

It is correct counsel did not address the appeal issue in his affidavit. However, Defendant did not state in her § 2255 motion she was asserting ineffective assistance of counsel based on counsel's failure to file an appeal; nor did she allege she requested that counsel file an appeal despite the appeal waiver in her Plea Agreement. She simply noted, in a ground related to her Plea Agreement, that her "attorney never appealed that resolution and that is why now movant is challenging that upward departure and asking this Honorable Court to review the facts at pre-trial

11

stage."). ECF No. 53 at 4. Only on reply did Defendant state she "expressed her desire to appeal the sentence after she realized she would not be released on the day of sentencing." ECF No. 70 at 1. Even then, Defendant did not allege she advised her attorney to appeal.

In addition, the Sentencing transcript makes it clear the court ensured Defendant understood her appeal rights and the method by which to file an appeal, either through counsel or *pro se*. ECF No. 65 at 26 ("If you and [counsel] disagree about whether an appeal should be filed, you may file your own appeal, but it must be submitted in writing to this court within that same 14-day period."). Defendant's allegation she did not "have a right to proceed pro se" is contradicted by this statement, which Defendant agreed she understood. *Id.*

Because this issue was not raised as a ground for relief, and has not been properly supported, relief is denied.

## CONCLUSION

For the reasons above, summary judgment for the Government is appropriate on all grounds. Defendant's motion is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

12

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

                                                    s/Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  Senior United States District Judge

Columbia, South Carolina
September 19, 2019