IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:17-cr-752-CMC |
| vs. | **OPINION AND ORDER** |
| Elise Wiley, <br>               Defendant. | |

This matter is before the court on Defendant's motion for reconsideration of the denial of her motion pursuant to 28 U.S.C. § 2255. ECF No. 74. In her § 2255 motion, Defendant argued her counsel was ineffective for, among other issues, failing to file an appeal.[1] ECF No. 70. The court granted summary judgment for the Government and dismissed her § 2255 motion, finding (in pertinent part) the issue of appeal was not properly raised or supported, and denying relief. ECF No. 71 at 11-12. Defendant then filed the motion for reconsideration, along with a signed declaration stating she asked counsel to file an appeal and "it was [her] honest intention to bring the claim of the denial of an appeal in [her] Section 2255 motion." ECF No. 74-1. The Government responded in opposition, attaching an affidavit from previous counsel noting he met with Ms. Wiley at the Detention Center the day after sentencing to discuss the Judgment and

---

[1] In Defendant's § 2255 motion, she only alleged her counsel did not file an appeal, not that she asked him to and he failed to do so. ECF No. 53 at 4 ("The attorney never appealed that resolution and that is why now movant is challenging that upward departure . . ."). The Government argued her claim regarding appeal was contradicted by the record, in which Defendant acknowledged she could file her own appeal. ECF No. 66. Her previous counsel's affidavit did not address the appeal issue, other than to note she waived her appeal rights in the plea agreement. ECF No. 66-1. In her reply, however, Defendant argued her counsel failed to consult with her about an appeal and did not file one. ECF No. 70.

referencing a time entry in his records noting "she does not wish to appeal sentence." ECF No. 80-1. Defendant was given until December 10, 2019, to respond, but has failed to do so.

## STANDARD

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

The standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that her counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the Strickland test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *see also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

Under the second prong of the *Strickland* test, Defendant must establish that she experienced prejudice as a result of counsel's ineffectiveness, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (internal quotation marks and citation omitted). A defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. Because "[t]he defendant bears the burden of proving *Strickland* prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

## DISCUSSION

In certain circumstances, an attorney is constitutionally required to "consult" with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). The Court stated an attorney must consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing. *Id.* at 480. In assessing whether an attorney had a constitutional duty to consult, the Court indicated several factors were relevant, including whether the conviction followed a trial or guilty plea. *Id.* In cases involving guilty pleas, the Court instructed lower courts

to consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights." *Id.*

As to the prejudice prong of the *Strickland* test, the Court observed a presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal. *Id.* at 483; *see also United States v. Poindexter,* 492 F.3d 263, 269 (4th Cir. 2007) ("Once Poindexter unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so . . . therefore, his attorney acted in a professionally unreasonable manner."). Thus, where the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the "forfeiture" of the appellate proceeding. *Roe,* 528 U.S. at 483; *Poindexter*, 492 F.3d at 269. If the defendant did not so instruct his attorney and his attorney subsequently did not fulfill his consultation obligations, prejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal. *Roe,* 528 U.S. at 486. Whether the defendant has met the prejudice standard "will turn on the facts of [the] particular case." *Id.* at 485. However, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the prejudice] determination." *Id.* In demonstrating prejudice, the defendant is under no obligation "to demonstrate that his hypothetical appeal might have had merit." *Id.* at 486.

4

Further, the fact Defendant signed a plea agreement with a waiver of rights of direct appeal and post-conviction relief motions (except for claims of ineffective assistance of counsel and prosecutorial misconduct) does not excuse defense counsel of his duty to file a timely notice of appeal if instructed to by his client. *Poindexter*, 492 F.3d at 273.

Defendant's attorney, W. Michael Duncan (Duncan), avers his former client did not instruct him to file an appeal on her behalf, and cites the time entry from his visit to her the day after sentencing in support. ECF No. 80-1. However, Defendant has submitted a signed declaration stating, "I asked my attorney to file an appeal." ECF No. 74-1.

In a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *See also United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) (hearing is required if credibility determination is necessary to resolve an issue in a § 2255 motion). Therefore, because the record does not conclusively show Defendant is not entitled to relief, the court must hold an evidentiary hearing on this issue.

## CONCLUSION

The court finds grounds exist to grant reconsideration of Defendant's claim for ineffective assistance of counsel related to the filing of the appeal only. A hearing is set in this matter for **March 25, 2020, at 2:00 p.m.** in Courtroom #1, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to the issue of

whether Defendant directed counsel to file an appeal.  Defendant is directed to bring to this hearing any and all supporting documentation she has in her possession regarding this issue.  The court appoints Ian Duggan, Esquire, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Defendant during this evidentiary hearing.

    **IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
January 30, 2020